UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ASHLEY BROWN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED DENTAL PARTNERS, LCC, )<br>)<br>Defendant. )<br>) | Case: 3:23-cv-50315<br><br>Jury Trial Demanded |

# COMPLAINT

**NOW COMES** Plaintiff, Ashley Brown ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against United Dental Partners, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Western Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Ashley Brown, resides in Winnebago County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant United Dental Partners, LLC, is a corporation doing business in and for Cook County whose address is 6585 East State Street, Rockford, IL 61108.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

**BACKGROUND FACTS**

11. Plaintiff was employed by Defendant as an Orthodontic Assistant from June of 2022 until in or about June of 2023.

12. Plaintiff performed a specific job which was an integral part of the business of Defendants, as Plaintiff was responsible for general patient care and assisting with the application and maintenance of braces, retainers, and other orthodontic devices/ appliances.

13. Plaintiff is female and is a member of a protected class because of her sex, because of which Defendant subjected to different terms and conditions of employment than others not within her protected class.

14. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. During her employment for Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as to the best of her knowledge, Plaintiff received no disciplinary write ups or negative performance remarks.

16. In fact, Plaintiff received an exceptionally positive performance review in May of 2023.

17. Beginning very early on in her employment with Defendant, Plaintiff was subject to sexual harassment at the Arlington Heights location.

18. Dr. Macaluso constantly subjected Plaintiff to inappropriate, uncomfortable, and unwelcome physical contact.

19. Specifically, Dr. Macaluso engaged in unwanted physical contact by giving Plaintiff back and shoulder rubs on multiple occasions.

20. Plaintiff also had to witness Dr. Macaluso sexually harassing several other female

3

co-workers.

21.     In response to his actions, Plaintiff and the other women collectively approached Dr. Macaluso and requested that he cease this behavior.

22.     Dr. Macaluso completely ignored these requests, and in fact, the harassment grew worse.

23.     For example, around March of 2023, Dr. Macaluso placed his hand on Plaintiff's shoulder and proceeded to move it slowly downwards, until his hand was resting on her buttocks.

24.     Plaintiff felt completely violated and disgusted by this assault.

25.     By May of 2023, Plaintiff had reached her limit and decided to report the sexual harassment and assault to both her manager and Marylou (LNU) in the Human Resources (HR) Department.

26.     Unfortunately, no action was taken, and Plaintiff was forced to continue working alongside her harasser at the Arlington Heights location.

27.     Under these conditions, the sexual harassment by Dr. Macaluso was allowed to continue.

28.     Plaintiff felt so uncomfortable in Dr. Macaluso's presence that she resorted to using personal days to avoid being around him.

29.     Ultimately, in June of 2023, just one month after Plaintiff made her complaint, she was terminated.

30.     Plaintiff was given the pre-textual reason that she was fired due to an alleged failure to clock out for a mere twelve minutes.

31.     This incident was an accident that she had never been reprimanded for in the past.

4

32. In reality, Plaintiff was fired for filing complaints of sexual harassment and discrimination, and opposing unlawful discrimination.

33. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the doctor that repeatedly sexually harassed Plaintiff was an employee of Defendant and had supervisory authority over Plaintiff.

34. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

35. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

37. Defendant knew or should have known of the harassment.

38. The sexual harassment was severe or pervasive.

39. The sexual harassment was offensive subjectively and objectively.

40. The sexual harassment was unwelcomed.

41. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of

enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

44. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

48. Plaintiff's was terminated on the basis of Plaintiff's sex.

49. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

52. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

53. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act

6

of 1964, as amended, 42 U.S.C. § 2000e, et seq.

54. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

56. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff..

58. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically termination of her employment with Defendant.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of August, 2023.

> /s/ *Mohammed Badwan*
> **Mohammed Badwan, ESQ.**
> Sulaiman Law Group, Ltd.
> 2500 South Highland Ave., Ste. 200
> Lombard, IL 60148
> (630) 575-8181
> (630) 575-8188 (fax)
> mbadwan@sulaimanlaw.com
> *Counsel for Plaintiff*